NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| AKHEEM L. KENNEDY, | : <br> : <br> :    **Civil Action No. 21-14261 (SRC)** <br> Plaintiff,  : <br> : <br> v.               :        **OPINION** <br> : <br> ABDULLAH B. MUKHTAR and  : <br> NATIONAL RAILROAD PASSENGER  : <br> CORPORATION,  : <br> : <br> Defendants.  : |

**CHESLER**, District Judge

      This matter comes before the Court on a motion to enforce a settlement agreement filed by Defendants Adullah B. Mukhtar ("Mukhtar") and National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak") (collectively, "Defendants"). Defendant Akheem L. Kennedy ("Kennedy" or "Plaintiff") initially did not oppose the motion. Magistrate Judge Kiel issued a Report and Recommendation ("R&R") recommending the Court grant Defendants' motion. Plaintiff now opposes the motion after the expiration of the R&R's objection period. The Court, having considered the papers filed by the parties and the R&R, proceeds to rule on the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will adopt the R&R and grant Defendants' motion.

    **I.**    **Background**

      This case arises out of an alleged motor vehicle incident. On June 14, 2021, Plaintiff filed a complaint in the Superior Court of New Jersey alleging a vehicle, owned by Amtrak and operated

by Mukthar acting within the scope of his Amtrak employment, collided with Plaintiff's vehicle. (Complaint Ct. 1 ¶ 1-4). Specifically, Plaintiff asserts while stopped at a traffic light on Industrial Avenue in Moonachie, New Jersey, "a boom affixed to Defendant's vehicle swung loose and crashed into Plaintiff's automobile." (ECF No 8 at 1; Complaint Ct. 1 ¶ 1). Plaintiff alleges this caused him serious injuries. (Complaint Ct. 1 ¶ 5-7). Defendants removed this case to federal court on July 28, 2021, pursuant to 28 U.S.C. § 1331.[1] (ECF No. 1).

The case proceeded to discovery. On April 8, 2022, the parties jointly submitted a status update informing the Court the matter was near settlement. (ECF No. 14). Magistrate Judge Kiel scheduled a settlement conference for June 9, 2022. (ECF No. 15). Plaintiff, however, did not submit a confidential settlement statement in advance of the conference, as directed by the Court. Magistrate Judge Kiel cancelled the settlement conference, referred the case to arbitration, and appointed Robert E. Bartkus, Esq. as arbitrator. (ECF No. 17).

On July 22, 2022, Defendants submitted a letter to the Court asserting the parties had reached an "enforceable settlement in principle of this matter." (ECF No. 20). However, the letter explained a day after the asserted settlement was reached, Plaintiff informed Defendants he had problems with the settlement and did not agree to it. (ECF No. 20). With the Court's leave, Defendants filed this motion to enforce the settlement agreement. (ECF No. 24).

---

[1] 28 U.S.C. § 1331 provides "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Amtrak was created by an Act of Congress, 49 U.S.C. § 24101, and the United States owns more than half of its stock. (ECF No. 1 ¶ 5). 28 U.S.C. § 1349 provides "[t]he district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock." 28 U.S.C. § 1349. Accordingly, this Court has jurisdiction pursuant to § 1331. See Hollus v. Amtrak N.E. Corridor, 937 F. Supp. 1110, 1113-14 (D.N.J. 1996).

Defendants submitted the affidavit of Thomas J. Montgomery, Acting Manager of Amtrak's Legal Claims Department and emails between Montgomery and Plaintiff's counsel. (ECF No. 24-3). Defendants assert Plaintiff rejected two initial settlement offers, both less than $150,000. (ECF No. 24-3 ¶¶ 10-12, 14). Plaintiff's counsel rejected the second offer by saying "his client needed $150,000 in order to agree on settlement." (ECF No. 24-3 ¶ 15). Defendants made a third offer of $135,000, noting they may need to rescind the offer if they did not settle the case in a matter of days. (ECF No. 24-3 ¶ 17 & Exhibit A). Plaintiff's counsel replied on July 19, 2022, indicating Plaintiff rejected the offer because he wanted $150,000: "I just got off the phone with [Plaintiff] and he is adamant at the 150K, I explained to him that you had indicated the offer could be pulled and he wants to move forward. Please advise." (ECF No. 24-3 ¶ 17 & Exhibit A). On the same day, "[r]elying on these two separate representations that $150,000 was required to settle the case," Montgomery replied to Plaintiff's counsel agreeing to settle for $150,000, saying "I can do 150K with confidentiality." (ECF No. 24-3 ¶ 18 & Exhibit A).

Plaintiff did not file an opposition to the motion, and the Court cancelled a scheduled hearing. Instead, Plaintiff's counsel sent an email to the Court and all parties saying:

> I have not filed any opposition to date as there was nothing in the factual recitation contained in the Affidavit of Thomas Montgomery that I could dispute (of course I cannot speak to the representations made as to intent and thought process on his side contained in Paragraphs 19 and 20). I also do not see that I have any viable opposition to the legal tenets contained in defendants' brief. I will revisit with [Plaintiff] as to whether he would like to present an Affidavit [i]n opposition and if a supporting brief could be crafted to support whatever issues he raises and advise the Court and adversary regarding same. Thank you for your time and attention.

(R&R Exhibit A). Plaintiff did not submit a subsequent filing, and Magistrate Judge Kiel issued his R&R recommending the Court grant Plaintiff's motion to enforce the settlement agreement.

3

Specifically, the R&R explains under New Jersey contract law, "a contract arises from the manifest intentions of the parties to engage in an offer and acceptance of sufficiently definite essential terms." (R&R at 4). It reasons, because the parties agreed to essential terms, namely a settlement figure of $150,000, the parties formed an enforceable settlement agreement. A signed writing was not required. (R&R at 4). Furthermore, the lack of an agreement on the issue of confidentiality does not undermine the agreement's validity because Defendants assert confidentiality was not a material issue for them, and Plaintiff does not suggest it was material. (R&R at 4).

The parties had fourteen days to object to the R&R. After the fourteen-day period elapsed, Plaintiff submitted an affidavit to the Court with his own factual assertions.[2] The affidavit asserts he told his counsel he would settle for $150,000. (ECF No. 26 ¶ 4). Accordingly, he rejected Defendants' offers for sums less than $150,000. However, "[w]hen the offer of $150,000 was communicated to [Plaintiff, he] indicated it was not enough and wished to reject it."[3] (ECF No. 26 ¶ 8). Accordingly, Plaintiff asserts he did not accept Defendants' settlement offer, and therefore there was no settlement agreement. (ECF No. 26 ¶¶ 1, 3).

**II.    Discussion**

   a. Legal Standard

"[A] district court may refer a dispositive motion to a magistrate judge 'to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition.'" Equal Emp. Opportunity Comm'n v. City of

---

[2] This affidavit was sealed because one paragraph contained personal information. (ECF No. 27).
[3] Plaintiff presumably made this statement to his counsel, although the affidavit does not explicitly say so. In any event, it does not matter for the purposes of acceptance of the settlement agreement. As explained below, the parties had already executed a binding settlement agreement at this time.

4

Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)(C)).  Once the magistrate judge makes this submission, commonly called a Report and Recommendation or R&R, the parties have 14 days to file specific written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  The district judge must then "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[4]  Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

Here, the Court will apply a de novo standard of review.  Plaintiff's filing is sufficient to constitute an objection.  Plaintiff's objection comes in the form of an untimely affidavit.[5]  Although Plaintiff filed an affidavit as opposed to a more traditional legal filing, Plaintiff lays out a clear, specific objection.[6]  Plaintiff's affidavit asserts Defendants' communication regarding the

---

[4] Neither statute nor the Federal Rules of Civil Procedure provide a specific standard of review when the parties do not object to an R&R beyond providing a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3).  However, the Third Circuit has explained:

> If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to de novo review by the district court.  However, we have held that because a district court must take some action for a report and recommendation to become a final order and because the authority and the responsibility to make an informed, final determination remains with the judge, even absent objections to the report and recommendation, a district court should afford some level of review to dispositive legal issues raised by the report.

City of Long Branch, 866 F.3d at 99-100 (internal quotation marks, citations, and alterations omitted).  This standard of review is often called "reasoned consideration." Id. at 100.
[5] The Court accepts the filing even through it was outside of the objection period.
[6] The affidavit was likely Plaintiff's only filing option, as Plaintiff's counsel informed the Court he was not able to dispute Defendants' factual or legal arguments.

5

$150,000 figure was an offer of settlement, which he never accepted. (ECF No. 26 ¶¶ 1, 3, 8). The Court will consider this objection and review the R&R de novo.[7]

### b. Acceptance of the Settlement Agreement

Following de novo review, the R&R will be adopted as it correctly applies the relevant law. Accordingly, Defendants' motion to enforce the settlement agreement will be granted.

Preliminarily, Plaintiff's claims arise under the law of the State of New Jersey, so New Jersey law governs the validity of settlement agreements releasing those claims, notwithstanding subject matter jurisdiction pursuant to § 1331. See Hollus v. Amtrak N.E. Corridor, 937 F. Supp. 1110, 1113-14 (D.N.J. 1996) (determining state law applied in the absence of relevant federal law in a case against Amtrak with subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1349). The settlement of litigation is a strong public policy of the State of New Jersey, and New Jersey courts "strain to give effect to the terms of a settlement wherever possible." Brundage v. Carambio, 195 N.J. 575, 601 (2008) (quoting Dep't of Pub. Advocate v. N.J. Bd. of Pub. Util., 206 N.J. Super. 523, 528 (App. Div. 1985)). Settlement agreements are contracts, and they are

---

[7] Even if Plaintiff's filing is insufficient, the Court will still apply a de novo standard, because, as shown below, the R&R would withstand any potentially applicable standard of review. The Third Circuit's standard requires a minimum level of review before an R&R becomes a final order, but it does not preclude a more exacting standard. City of Long Branch, 866 F.3d at 99-100 ("[A] district court must take some action for a report and recommendation to become a final order and because the authority and the responsibility to make an informed, final determination remains with the judge . . . .") (internal quotation marks, citations, and alterations omitted). The Third Circuit has approved cases where a district court applied de novo review of an R&R absent an objection. See Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (noting a district court may "elect[] to exercise its power to review a magistrate's report de novo" absent an objection). Furthermore, applying de novo review is consistent with 28 U.S.C. § 636 and Rule 72. 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

"governed by basic contract principles," so they should be enforced "absent a demonstration of 'fraud or other compelling circumstances.'" Capparelli v. Lopatin, 459 N.J. Super. 584, 603-04 (App. Div. 2019) (quoting Jennings v. Reed, 381 N.J. Super. 217, 227 (App. Div. 2005). "Like any contract, a valid settlement agreement requires an 'offer and acceptance' by the parties, and the terms of the agreement must 'be sufficiently definite [so] that the performance to be rendered by each party can be ascertained with reasonable certainty.'" GMAC Mortg., LLC v. Willoughby, 230 N.J. 172, 185 (2017) (alteration in original) (internal quotation marks omitted) (quoting Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992)). An offer must be in a form that outwardly manifests an intention by itself "to create legal relations on its acceptance." Trs. of First Presbyterian Church in Newark v. Howard Co. Jewelers, 12 N.J. 410, 414 (1953).

However, the parties to not need to agree to every possible term for there to be an enforceable contract. Bistricer v. Bistricer, 231 N.J. Super. 143, 147-48 (Ch. Div. 1987). Rather, they must agree to all essential terms to execute a settlement agreement. See Weichert, 128 N.J. at 435 ("Thus, if parties agree on essential terms and manifest an intention to be bound by those terms, they have created an enforceable contract."). Nor do the parties need a writing to have an enforceable agreement: "Where the parties agree upon the essential terms of a settlement, so that the mechanics can be 'fleshed out' in a writing to be thereafter executed, the settlement will be enforced notwithstanding the fact the writing does not materialize because a party later reneges." Lahue v. Pio Costa, 263 N.J. Super. 575, 596 (App. Div. 1993) (quoting Bistricer, 231 N.J. Super. at 145).

Here, there was clearly an offer to settle the case for $150,000 by Plaintiff's counsel which was accepted by Montgomery on July 19, 2022. Plaintiff, through his counsel, communicated on

7

multiple occasions that he would settle the matter for $150,000. He repeated that figure to Montgomery on July 19 and noted Plaintiff's desire to "move forward" in response to Defendants' warning they might rescind their offer. (ECF No. 24-3 Exhibit A). Defendants agreed to $150,000 and asked for confidentiality. (ECF No. 24-3 Exhibit A). At this point, there was an enforceable settlement agreement. The parties agreed to the essential terms of the settlement, that for $150,000 Plaintiff would release his claims against Defendants. The parties' performance is clear, and they did not need a writing to execute the settlement agreement. Lahue, 263 N.J. Super. at 596.

Confidentiality is not an essential term, and the lack of an agreement on the issue of confidentiality does not impact the enforceability of the agreement. Defendant asserts it is not an essential term for the agreement, which Plaintiff does not dispute. (ECF No. 24-1 at 3). Furthermore, the existence of a confidentiality term does not impact or make ambiguous the terms of the essential settlement agreement. Weichert, 128 N.J. at 435. Therefore, the parties executed an enforceable settlement agreement when Defendants accepted Plaintiff's offer on July 19, 2022.

Plaintiff asserts that Defendants' email constituted an offer, one which he did not accept. Rather, Plaintiff's counsel's July 19 email was an offer. It provided Plaintiff's demand for a settlement figure and indicated Plaintiff wished to "move forward." That communication displays an intent "to create legal relations on its acceptance" without any further communications. First Presbyterian Church, 12 N.J. at 414. Plaintiff's counsel was explicitly authorized to make such an offer: Plaintiff states in his affidavit that he told his counsel he "wanted $150,000 to settle" this case, and Plaintiff's counsel's email to Defendants suggests Plaintiff reiterated that demand to his counsel over the phone on July 19.

8

## III. Conclusion

For the foregoing reasons, the Court will adopt Magistrate Judge Kiel's Report and Recommendation, and it will grant Defendants' motion to enforce the settlement agreement. An appropriate order will be filed.

                                                       s/ Stanley R. Chesler
                                                      STANLEY R. CHESLER
                                                      United States District Judge

Dated: December 1, 2022